## HANKS v. WORKMAN.

1. **Intoxicating Liquors**: INJUNCTION: CONTEMPT: FINE: IMPRISON-MENT: RELEASE ON SCHEDULE OF PROPERTY. Where one has been fined for violating an injunction issued under the prohibitory liquor law, he may, upon default in paying the fine, be imprisoned, under the general provision of § 4509 of the Code; and, under § 12, chap. 143, Laws of 1884, such person cannot avail himself of the benefits of § 4611 of the Code, which permits a poor person, after having been imprisoned thirty days for failure to pay a fine in a criminal case, to be released upon giving his note for the amount of the fine, together with a written schedule of his property.

WEDNESDAY, OCTOBER 20.

HABEAS CORPUS.

*John Gibbons*, for petitioners.

*D. H. Emery*, for defendant.

PER CURIAM.—It is shown by the petition, and by the return of the defendant to the writ of *habaes corpus*, that at the March term, 1885, of the circuit court of Wapello county, a judgment was entered in a cause therein pending against the petitioner, making perpetual an injunction theretofore issued in the cause, restraining petitioner from maintaining a nuisance. The proceeding was instituted under chapter 143 of the acts of the Twentieth General Assembly. At a subsequent term of the court the petitioner was, in a proper proceeding, found guilty of a violation of the injunction, and judgment was entered against him, imposing a fine of $500, and it was ordered that he stand committed to the county jail until the fine should be paid. In default of payment of the fine, he was imprisoned, and, after he had been confined for thirty days, he tendered to the sheriff his promissory note for the amount of the judgment, together with the written schedule of his property required by section 4611 of the Code. The sheriff, however, refused to liberate him, and he thereupon instituted this proceeding, claiming that, as he is unable to pay the fine, and has complied with the requirements of the statute, he is now entitled to be liberated.

We will content ourselves with a mere statement of the conclusion we have reached upon the facts disclosed by the record. We are of the opinion that, under the provisions of section 12 of chapter 143 of the acts of the Twentieth General Assembly, a person who is committed to the county jail for non-payment of a fine, imposed upon him for the violation of an injunction granted under that section, is not entitled to avail himself of the provisions of section 4611 of the Code. The power to commit for the non-payment of the fine is not conferred by the express provisions of the section. Such power existed, however, when that statute was enacted. By

section 4509 of the Code, the courts were empowered to imprison in all cases for the non-payment of fines imposed. The power to imprison for the non-payment of the fine in question is incident to the power conferred by the statute to impose the fine; for, when the power to impose the fine was conferred, it followed, as a necessary consequence, that the court might imprison for its non-payment. The petitioner, therefore, was committed under the power conferred by the statute in question, and one of its provisions is that persons committed under it shall not be permitted to avail themselves of section 4611 of the Code.

Another consideration which, in our judgment, affords a satisfactory answer to plaintiff's claim, is that, by its express terms, section 4611 is for the benefit of persons convicted of criminal offenses; and we held in *Manderscheid v. District Court of Plymouth County, ante,* 240, that the fine imposed in cases of this character is not imposed as a punishment for the crime committed by the person, although the act done by him is made a crime by the statute.

The writ of *habeas corpus* will be dismissed, and petitioner will be remanded to the custody of the sheriff.

DISMISSED.